IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**ROBERT EASTMAN** **PLAINTIFF**

**VS.** **CAUSE NO. 5:10-CV-168-DCB-JMR**

**MISSISSIPPI VALLEY SILICA COMPANY** **DEFENDANT**

**CNA FINANCIAL CORPORATION** **GARNISHEE-DEFENDANT**

---

**ROBERT EASTMAN** **PLAINTIFF**

**VS.** **CAUSE NO. 5:10-CV-169-DCB-JMR**

**MISSISSIPPI VALLEY SILICA COMPANY** **DEFENDANT**

**ST. PAUL FIRE AND MARINE
INSURANCE COMPANY** **GARNISHEE-DEFENDANT**

---

**ROBERT EASTMAN** **PLAINTIFF**

**VS.** **CAUSE NO. 5:10-CV-171-DCB-JMR**

**MISSISSIPPI VALLEY SILICA COMPANY** **DEFENDANT**

**NATIONAL UNION FIRE INSURANCE COMPANY** **GARNISHEE-DEFENDANT**

---

**ROBERT EASTMAN** **PLAINTIFF**

**VS.** **CAUSE NO. 5:10-CV-175-DCB-JMR**

**MISSISSIPPI VALLEY SILICA COMPANY** **DEFENDANT**

**HARTFORD FINANCIAL SERVICES GROUP** **GARNISHEE-DEFENDANT**

---

**ROBERT EASTMAN** **PLAINTIFF**

**VS.** **CAUSE NO. 5:10-CV-181-DCB-JMR**

**MISSISSIPPI VALLEY SILICA COMPANY** **DEFENDANT**

**AFFILIATED FM INSURANCE COMPANY** **GARNISHEE-DEFENDANT**

## PLAINTIFF'S MOTION TO CONSOLIDATE

COMES NOW, the Plaintiff, Robert Eastman by and through undersigned counsel, and files his Motion to Consolidate pursuant to Rule 42 of the Federal Rules of Civil Procedure as follows:

1.      On November 9, 2009, a jury in the Circuit Court of Warren County returned a verdict for the Plaintiff against the Defendant Mississippi Valley Silica Company.  Through various post trial motions, a final order was entered on April 13, 2010 for the sum of $1,960,000 plus accrued post judgment interest and costs of court.  After the final order was entered, the Plaintiff had Writs of Garnishment served upon the various insurance carriers for Mississippi Valley Silica Company.  Each of the insurance companies has individually removed the Garnishment proceedings to federal court.  The common issues of law and fact involve the amount owed by each of the insurance companies as a result of the judgment entered against Mississippi Valley Silica Company.

2.      Under Rule 42 of the Federal Rules of Civil Procedure, a court may consolidate actions involving common questions of law or fact.  The claims involved in the garnishment actions contain virtually identical issues of law or fact such that consolidation will allow the cases to be dispatched with expedition and economy.  Consolidation will likewise avoid the real possibility of inconsistent results. Further, consolidation will neither cause delay nor lead to prejudice of confusion, but rather will promote the interest of justice.

3.      The Fifth Circuit has held that "the proper solution to the problems created by the existence of two or more cases involving the same parties and issues, simultaneously pending in the same court, would be to consolidate them under Rule 42(a) of the Federal Rules of Civil Procedure." *Miller v. United States Postal Service,* 729 F.2d 1033, 1036 (5th Cir. 1984).  The

decision whether to consolidate is within the discretion of the district court. *Chatham Condo. Assocs. V. Century Village, Inc.,* 597 F.2d 1002, 1013-14 (5th Cir. 1979).

4. There are currently five (5) pending actions in Federal Court involving the Plaintiff's garnishments against various insurance carriers. The Plaintiff anticipates this number will grow as additional insurance companies are served with Writs of Garnishment. If these actions are not consolidated, it will lead to inconsistent results amongst the various cases. The insurance defendants should not oppose the consolidation as it would allow them to conduct discovery against the other insurance defendants to determine who has coverage in this case and for what years. The coverage of the insurance companies arises from one set of facts which is Robert Eastman's exposure to Mississippi Valley's silica sand while sandblasting. The insurance companies have various obligations to pay the judgment based on various years of coverage. This can only be determined correctly if all the insurance companies are in the same action. Finally, it would best serve the interests of justice and judicial economy to consolidate these cases.

WHEREFORE PREMISES CONSIDERED, the Plaintiff respectfully requests this Court to consolidate the following actions: **CAUSE NO. 5:10-CV-168-DCB-JMR; CAUSE NO. 5:10-CV-169-DCB-JMR; CAUSE NO. 5:10-CV-171-DCB-JMR; CAUSE NO. 5:10-CV-175-DCB-JMR; CAUSE NO. 5:10-CV-181.** Further, the Plaintiff respectfully requests this Court to consolidate any future garnishment actions that are removed to federal court from the underlying case in the Circuit Court of Warren County.

DATED, this the 23rd day of November, 2010.

              Respectfully Submitted,

              ROBERT EASTMAN

              By: __/s John T. Givens_____
                  John T. Givens, *Attorney for Plaintiff*

Of Counsel:

Timothy W. Porter, MSB No. 9687
Patrick C. Malouf, MSB No. 9702
John T. Givens, MSB No. 101561
PORTER & MALOUF, P.A.
Post Office Box 12768
Jackson, Mississippi  39236-2768
Telephone: (601) 957-1173
Facsimile: (601) 957-7366

R. Allen Smith, Jr., MSB No. 99984
THE SMITH LAW FIRM, P.L.L.C.
681 Towne Center Boulevard, Suite B
Ridgeland, Mississippi  39157
Telephone: (601) 952-1422
Facsimile: (601) 952-1426

**CERTIFICATE OF SERVICE**

  I, John T. Givens, the undersigned counsel for Plaintiff, do hereby certify that I have this date electronically filed the foregoing with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record.

  This the 23rd day of November, 2010.

              /s/ John T. Givens_____
              JOHN T. GIVENS