IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ROBERT EASTMAN                                                                       PLAINTIFF

VS.                                                NO. 5:10-cv-00168-DCB-JMR

MISSISSIPPI VALLEY SILICA COMPANY                            DEFENDANT

COLUMBIA CASUALTY COMPANY                          GARNISHEE-DEFENDANT

<u>**GARNISHEE-DEFENDANT COLUMBIA CASUALTY COMPANY'S
MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**</u>

      Garnishee-Defendant Columbia Casualty Company ("Columbia Casualty"), submits the following brief in support of its Motion for Summary Judgment. The current motion presents issues of law which are ripe for adjudication. The Court should declare, as a matter of law, that Columbia Casualty did not issue, and could not have issued, any liability policy to Judgment Debtor Mississippi Valley Silica Company.

**FACTUAL BACKGROUND**

      Plaintiff, Robert Eastman, filed suit in 2007 against Judgment Debtor Mississippi Valley Silica Company ("Mississippi Valley Silica") in Warren County Circuit Court, alleging lung damage from the silica-containing sandblasting sand distributed by Mississippi Valley Silica at his place of employment in Vicksburg, Mississippi. Counsel for Mississippi Valley Silica, Scott Sullivan Streetman Fox, contacted the CNA insurance companies regarding the Eastman Action, and "numerous silicosis cases filed in Mississippi" by letter of January 19, 2010, referencing alleged policies RDU 9003950 and RDU 8058162. The January 19, 2010 letter did not reference any specific CNA insurance company. Nevertheless, a comprehensive search for any policies issued to Mississippi Valley Silica by any CNA insurance company was undertaken. (Affidavit

1

of Jerry Alpine attached as Exhibit A to the Motion ("Alpine Affidavit"), Paragraph 8). An initial acknowledgment and reservation of rights letter was issued on February 17, 2010. Following an exhaustive search of all CNA insurance company records, no evidence of any policy issued to Mississippi Valley Silica by any CNA insurance company was located. (Alpine Affidavit, Paragraph 8). A declination letter was issued March 15, 2010 to Mississippi Valley Silica's counsel on behalf of Columbia Casualty Company and any CNA insurance company on the basis of a lack of evidence of any insurance policy. (Alpine Affidavit, Paragraph 9).

This Writ of Garnishment Action was filed October 1, 2010, following entry of a significant judgment against Mississippi Valley Silica in the underlying action. This matter was timely removed to this Court (Docket Entry #1). This Court recently granted the unopposed motion to substitute Columbia Casualty Company as defendant, rather than the non-insurance company entity CNA Financial Corporation (Docket Entry #9). The parties have stipulated that the substitution of Columbia Casualty for CNA Financial is not an admission that Columbia Casualty issued any policies to Mississippi Valley Silica (Docket Entry #8).

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The moving party bears the initial responsibility of showing the court, by reference to the record, that there are no genuine issues of material fact that should be decided at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Disputed facts are material only if they involve disputes which might affect the outcome of the action. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Thus, the non-moving party must demonstrate a genuine issue of material fact and the evidence relied upon to create such an issue must be substantial. *Southern Distributing Co. v. Southdown, Inc.*, 574

F.2d 824, 826 (5th Cir. 1978); *Ashmore v. Ceridian Corp.*, 620 F.Supp. 2d 782, 784 (N.D. Miss. 2009).

## ANALYSIS

**1.    Plaintiff Cannot Meet his Burden to Establish the Existence, Terms and Conditions of Any Policies Issued by Columbia Casualty Company to Mississippi Valley Silica.**

Under Mississippi law, a plaintiff has the burden of proving the right to recover under any written instrument sued on, which necessarily includes proof of the contract and its terms. *Britt v. Travelers Ins. Co.*, 566 F.2d 1020, 1022 (5th Cir. 1978); *Broussard v. State Farm Fire and Cas. Co.*, 523 F.3d 618, 625 (5th Cir. 2008).  Federal courts have applied the Best Evidence Rule in contract cases under Mississippi law to require production of the original contract, "unless it is shown to be unavailable for some reason other than the serious fault of the proponent."  *Edwards v. Sears, Roebuck and Co.*, 512 F.2d 276, 293 (5th Cir. 1975).  Secondary evidence of the missing policy may only be introduced in the event that the insured has established the loss or destruction of the original document.  *Bolden v. Greenwood*, 164 So. 2d 721, 730 (Miss. 1964).  Proof must be by clear and convincing evidence.  *Marquette Casualty Company v. Khamis*, 129 So. 2d 342, 345 (Miss. 1961).

Plaintiff cannot meet any of these burdens, since originals or copies of the alleged policies do not exist and there is simply no evidence, secondary or otherwise, that Columbia Casualty issued any policies to Mississippi Valley Silica. (Alpine Affidavit, Paragraphs 7 and 8). Plaintiff has failed to produce, or even identify, any documentation or other information regarding the alleged Columbia Casualty policies.  Plaintiff has not served its Rule 26(a)(1) Disclosures, wherein such information should be found.

Columbia Casualty is informed that Plaintiff may contend that Columbia Casualty issued two excess policies, RDU 9003050, allegedly effective August 31, 1970 to August 31, 1971 and RDU 8058162, allegedly effective August 31, 1971 to January 1, 1972.  But Plaintiff cannot produce any direct evidence of either alleged policy.  Indeed, Columbia Casualty did not even exist and could not have issued policies during the time period Plaintiff contends the policies were effective, i.e., August 31, 1970 to January 1, 1972.  (Alpine Affidavit, Paragraphs 6 and 7).  Columbia Casualty was incorporated on March 29, 1974 and issued its first liability policies during that year.  (Alpine Affidavit, Paragraphs 6 and 7).  Simply stated, these alleged policies could not have been issued by Columbia Casualty since the effective dates of these alleged Columbia Casualty policies are at least two and half years prior to the incorporation of Columbia Casualty.  Thus, Plaintiff cannot meet the threshold requirement for secondary evidence of proving that a written instrument was in fact lost or missing.  *Bolden v. Gatewood*, 164 So. 2d at 730; *Home Ins. Co. v. Newman*, 111 So. 455, 456 (Miss. 1927).  The only actual evidence before this Court is the incorporation date of Columbia Casualty Company on March 29, 1974, some 25 months after the expiration of the last policy alleged by Plaintiff.  (Alpine Affidavit, Paragraph 6).

Despite his failure to disclose any documentation pursuant to Rule 26(a)(1), Plaintiff may attempt to introduce as secondary evidence, two unauthenticated lists of insurance policies of unknown provenance referencing the "RDU" policy numbers alongside references to either Columbia Casualty Company or CNA[1].  This alleged secondary evidence fails to establish the existence, terms or limits of any liability policy issued by Columbia Casualty Company or a

---

[1]  CNA is not a legal entity.  Rather CNA is a tradename.  As it is not an insurance company, no policies have ever been issued by "CNA".

CNA insurance company. As indisputably established by the Affidavit of Jerry Alpine (Exhibit A to the Motion), and as previously stipulated by Plaintiff, neither CNA Financial Corporation nor CNA was ever an insurance company, nor did CNA Financial Corporation or CNA ever issue insurance policies at any time. Columbia Casualty Company did not come into existence until after the alleged RDU policy dates. (Alpine Affidavit, Paragraph 6). The alleged secondary evidence is not only insufficient in its particulars, but flatly inconsistent with the established incontestable facts regarding dates of incorporation of Columbia Casualty Company.

**2.     Columbia Casualty Company has Exhaustively Searched For and Found No Evidence of any Liability Policies Issued to Mississippi Valley Silica.**

While it is not Columbia Casualty Company's burden to do so, Columbia Casualty Company has repeatedly and exhaustively searched all sources of information and documentation for any evidence of policies issued by Columbia Casualty Company or any other CNA insurance company, to Mississippi Valley Silica at any time. (Alpine Affidavit, Paragraph 8). No direct or indirect, primary or secondary, evidence has been located referencing any policy. (Alpine Affidavit, Paragraph 8).

## CONCLUSION

For the reasons stated, the Court should declare that Columbia Casualty has no obligations to Plaintiff since there is insufficient evidence that Columbia Casualty, or any CNA insurance company, issued any insurance policy to Judgment Debtor Mississippi Valley Silica. Columbia Casualty's Motion for Summary Judgment should be granted.

Respectfully submitted, this 10th day of December, 2010.

     s/ Brian B. Hannula
EDWIN S. GAULT, JR., MSB# 10187
BRIAN B. HANNULA, MSB# 101150
CAROLINE M. UPCHURCH, MSB# 102985

                                                Attorneys for Garnishee-Defendant Columbia Casualty Company

OF COUNSEL:
FORMAN PERRY WATKINS KRUTZ & TARDY LLP
200 South Lamar St., Ste. 100
Jackson, MS 39201-4099
Post Office Box 22608
Jackson, MS 39225-2608
Phone: (601) 960-8600
Facsimile: (601) 960-8613
esgault@fpwk.com
hannulabb@fpwk.com
upchurchcm@fpwk.com

**CERTIFICATE OF SERVICE**

      I hereby certify that I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF System, which sent notification of such filing to all counsel of record who are currently on the list to receive email notices for this case.

      This the 10th day of December, 2010.

                                             _s/ Brian B. Hannula_____
                                             Brian B. Hannula